# UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA BILLINGS DIVISION

| UNITED STATES OF AMERICA<br><br>v.<br><br>**JEREMIAH ROBERT WIBERG** | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: CR 24-92-BLG-SPW-1<br>USM Number: **12954-041**<br><u>**Tobias J. Cook**</u><br>Defendant's Attorney |
|---|---|

**THE DEFENDANT:**

| ☒ | pleaded guilty to count | 1 |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| 18 U.S.C. § 2250(a) Failure To Register As A Sex Offender | 12/27/2023 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☐ Count(s) ☐ is ☐ are dismissed on the motion of the United States

  It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**June 25, 2025**
Date of Imposition of Judgment

*/s/ Susan P. Watters*
Signature of Judge

**Susan P. Watters**
**United States District Judge**
Name and Title of Judge

**June 25, 2025**
Date

DEFENDANT: JEREMIAH ROBERT WIBERG
CASE NUMBER: CR 24-92-BLG-SPW-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: sixteen (16) months to run concurrent with U.S. District Court for the District of Montana case number: 1:06-CR-00063-BLG-SPW.

☒ The court makes the following recommendations to the Bureau of Prisons:

Defendant shall be placed at the Bureau of Prisons' facility at FCI Sandstone in Minnesota for proximity to family.

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:

☐ at ☐ a.m. ☐ p.m. on

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on
☐ as notified by the United States Marshal.
☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:           JEREMIAH ROBERT WIBERG
CASE NUMBER:         CR 24-92-BLG-SPW-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: five (5) years.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT: JEREMIAH ROBERT WIBERG
CASE NUMBER: CR 24-92-BLG-SPW-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at https://www.mtp.uscourts.gov/post-conviction-supervision.

Defendant's Signature _____    Date _____

DEFENDANT: JEREMIAH ROBERT WIBERG
CASE NUMBER: CR 24-92-BLG-SPW-1

## SPECIAL CONDITIONS OF SUPERVISION

1. You must comply with prohibitions on contact with Jason Mickelson. This condition expands on the standard condition prohibiting association with persons engaged in criminal activity or convicted felons without the permission of the officer.

2. Unless you receive prior written approval from the probation officer, you must not: knowingly reside in the home, residence, or be in the company of any child under the age of 18, go to or loiter within 100 yards of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18.

3. You may own or possess only one internet-capable device as approved by the probation officer that has the ability to access sexually explicit materials. If that device is not a phone, you may also possess one mobile phone that has no online capability or camera. You must obtain the approval of the probation officer prior to using any device. You must not own, possess, or use any additional devices without the prior written approval of the probation officer. Your approved devices must be capable of being monitored and compatible with monitoring hardware, software, or other technology approved by the probation officer. You must allow the probation officer to make unannounced examinations of all devices, hardware, and software, which may include the retrieval and copying of all data from your internet-capable device. You must allow the probation officer to install software to restrict or monitor your devices access. You must pay part or all of the costs of this monitoring as directed by the probation officer. You must not use any internet-capable device to access sexually explicit materials as defined in these conditions nor to contact minors or gather information about a minor. You must not possess encryption or steganography software. You must provide records of all passwords, Internet service, and user identifications (both past and present) to the probation officer and immediately report changes. Immediately means within 6 hours. You must sign releases to allow the probation officer to access phone, wireless, Internet, and utility records.

4. You must submit your person, and any property, residence, place of employment, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, to which you have access,] to a search at a reasonable time and in a reasonable manner, with or without a warrant, by the probation officer, or by any law enforcement officers upon the express direction of the probation officer, with reasonable suspicion concerning your violation of a condition of supervision or unlawful conduct. Failure to submit to search may be grounds for revocation. You must warn any other occupants, adults and minors that the premises may be subject to searches pursuant to this condition. You must allow seizure of suspected contraband for further examination.

5. You must not possess camera phones or electronic devices that could be used for covert photography without the prior written approval of the probation officer.

6. All employment must be approved in advance in writing by the probation officer. You must consent to third-party disclosure to any employer or potential employer.

7. You must participate in an outpatient program for mental health treatment as approved by the probation officer. You must remain in the program until you are released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

DEFENDANT: JEREMIAH ROBERT WIBERG
CASE NUMBER: CR 24-92-BLG-SPW-1

8. You must comply with the sexual offender registration requirements for convicted offenders in any state in which you reside.

9. You must submit to not more than six polygraph examinations per year as directed by the probation officer to assist in treatment, planning, and case monitoring. You maintain your Fifth Amendment rights during polygraph examinations and may refuse to answer any incriminating questions. You must pay part or all of the costs of these examinations as directed by the probation officer.

10. You must not knowingly acquire, possess, or view any materials depicting sexually explicit conduct as defined in 18 U.S.C. § 2256(2)(A), if the materials, taken as a whole, are primarily designed to arouse sexual desire, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. This condition applies to written stories, visual, auditory, telephonic, or electronic media, computer programs or services, and any visual depiction as defined in 18 U.S.C. § 2256(5). You must not knowingly patronize any place where sexually explicit material or entertainment is the primary item of sale, such as adult bookstores, clubs, or Internet sites, unless otherwise approved by the probation officer in conjunction with your sex offender treatment provider. You must not utilize 900 or adult telephone numbers or any other sex-related numbers, or on-line chat rooms that are devoted to the discussion or exchange of sexually explicit materials as defined above.

11. You must enter and successfully complete an outpatient sex offender treatment program as approved by the probation officer. You are to remain in that program until released by the probation officer in consultation with the treatment provider. You must pay part or all of the costs of this treatment as directed by the probation officer.

12. You must abstain from the consumption of alcohol and are prohibited from entering establishments where alcohol is the primary item of sale.

13. You must participate in substance abuse testing to include not more than 365 urinalysis tests, not more than 365 breathalyzer tests, and not more than 36 sweat patch applications annually during the period of supervision. You must pay part or all of the costs of testing as directed by the probation officer.

14. You must participate in substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will obtain the authorization of the Court before requiring residential or inpatient treatment pursuant to this condition. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt to obstruct or tamper with the testing methods. You must pay part or all of the costs of this treatment as directed by the probation officer.

15. You must not purchase, possess, use, distribute or administer marijuana, including marijuana that is used for recreational or medicinal purposes under state law.

16. You must not possess, ingest or inhale any psychoactive substances that are not manufactured for human consumption for the purpose of altering your mental or physical state. Psychoactive substances include, but are not limited to, synthetic marijuana, kratom and/or synthetic stimulants such as bath salts and spice.

DEFENDANT:         JEREMIAH ROBERT WIBERG
CASE NUMBER:       CR 24-92-BLG-SPW-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments.

|        | Assessment | JVTA Assessment** | AVAA Assessment* | Fine  | Restitution |
|--------|-----------:|------------------:|-----------------:|------:|------------:|
| TOTALS | $100.00    | $ 0.00            | $ 0.00           | $.00  | $.00        |

☐ The determination of restitution is deferred until    An *Amended Judgment in a Criminal Case*
☐ *(AO245C)* will be entered after such determination.
   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

☐ Restitution amount ordered pursuant to plea agreement $
☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ the interest requirement is waived for    ☐ fine    ☐ restitution
     the
  ☐ the interest requirement for the         ☐ fine    ☐ restitution is modified as follows:

*Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
**Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JEREMIAH ROBERT WIBERG
CASE NUMBER: CR 24-92-BLG-SPW-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $ 100.00 due immediately, balance due

☐ not later than _____ , or

☒ in accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:
**Criminal monetary penalty payments are due during imprisonment at the rate of not less than $25.00 per quarter, and payment shall be through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk, United States District Court, James F. Battin Federal Courthouse, 2601 2nd Ave North, Ste 1200, Billings, MT 59101 or online at https://www.pay.gov/public/form/start/790999918. Please see www.mtd.uscourts.gov/criminal-debt for more information.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on his restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.